MAYER LAW GROUP LLC
Carl J. Mayer, Esq.(NJ Bar # 015071986)
174 Nassau Street, Suite 414
Princeton, New Jersey
(609)921-0253
cyberesquire@aol.com
*Counsel for Plaintiff and the Putative Class*

---------------------------------X
ALYSSA MACLEOD, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC. and CHIPOTLE SERVICES, LLC.

Defendants.
---------------------------------X

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: BERGEN COUNTY

**CLASS ACTION COMPLAINT**

Plaintiff Alyssa MacLeod ("Plaintiff"), by and through the undersigned counsel, alleges upon information and belief, the following:

### NATURE OF THE ACTION

1. Plaintiff brings this putative class action on behalf of herself and all others similarly situated against Defendant Chipotle Mexican Grill, Inc., and Defendant Chipotle Services, LLC d/b/a Chipotle Mexican Grill (collectively "Defendants") for failing to pay Plaintiff and a putative class of similarly situated minor employees for all hours

worked in violation of the New Jersey Wage and Hour Law, N.J.A.C 12:56-5.1 *et seq.*; for failing to provide a thirty minute lunch break in violation of the New Jersey Child Labor Law, N.J.S.A. 34:2-21.4; and for suffering or permitting Plaintiff and the putative class of minor employees to work past 11 p.m. on days which precede a regularly scheduled school day, in violation of New Jersey Child Labor Law, N.J.S.A. 34:2-21.3. By this action, Plaintiff, on behalf of herself and a putative class of minor employees seeks actual and statutory damages and injunctive relief for the foregoing violations.

## PARTIES

**Plaintiff Alyssa MacLeod**

2. Plaintiff Alyssa MacLeod is a resident of Warren County in New Jersey.

3. At all times relevant to this lawsuit, Plaintiff was a minor under the age of 18.

**Defendant Chipotle Mexican Grill, Inc.**

4. Defendant Chipotle Mexican Grill, Inc. is a corporation authorized to do business in New Jersey. The principal executive offices of Defendant Chipotle Mexican Grill, Inc. are located at 1401 Wynkoop Street, Suite 500, Denver, CO 80202.

**Defendant Chipotle Services, LLC**

5. Defendant Chipotle Services, LLC is a corporation authorized to do business in New Jersey. The principal executive offices of Defendant Chipotle Services, LLC are located at 1401 Wynkoop Street, Suite 500, Denver, CO 80202.

**JURISDICTION AND VENUE**

6. Jurisdiction is properly laid in this Court because Defendants are subject to the personal jurisdiction in the State of New Jersey, Bergan County, and the events giving rise to this Complaint occurred in Bergan County, New Jersey.

7. Plaintiff expressly disclaims that the amount in controversy as to her individual claims are equal to or greater than $75,000.00 and expressly disclaims that the putative class action claims in the aggregate are equal to or greater than than $5,000,000.00.

**FACTS**

8. Defendants employed Plaintiff as a Crew Member at Defendants' Fort Lee, New Jersey restaurant from on or about December 2014 to August 2016.

9. By a common plan and/or policy, Defendants knowingly failed to pay Plaintiff for all hours worked.

10. For example, on May 13, 2016, Defendants scheduled Plaintiff to work from 3:30 p.m. to 11:15 p.m. At 11:15 p.m., Defendants' instructed Plaintiff to clock out. However, Defendants' suffered or permitted Plaintiff to continue

3

performing the job duties of a Crew Member until on or about 11:30 p.m. but failed to pay Plaintiff for the time worked off-the-clock.

11. By a common plan and/or policy, Defendants knowingly suffered or permitted Plaintiff to work for more than five hours continuously without providing Plaintiff an uninterrupted 30-minute lunch break in contravention of the New Jersey Child Labor Laws.

12. For example, on May 20, 2016, Defendant scheduled Plaintiff to work from 3:30 p.m. to 11:30 p.m. and failed to provide Plaintiff with a 30-minute uninterrupted lunch break after she worked five continuous hours during that shift.

13. By a common plan and/or policy, Defendants knowingly suffered or permitted Plaintiff to work past 11 p.m. on workdays which began on a day which preceded a regularly scheduled school day in violation of the New Jersey Child Labor Law.

14. For example, on Wednesday April 13, 2016, Defendant suffered or permitted Plaintiff to work past 11 p.m.

## CLASS ACTION ALLEGATIONS

15. Under New Jersey Rule 4:23, Plaintiff brings a claim for relief to remedy Defendants' foregoing violations of New Jersey law.

16. Plaintiff brings this action individually and on behalf of all Crew Members who were minors employed by Defendants

4

between two years prior to the commencement of this lawsuit until the date of final judgment in this lawsuit who were not compensated for all hours worked.

17. Plaintiff also brings this action individually and on behalf of all Crew Members who were minors employed by Defendants between five years prior to the commencement of this lawsuit until the date of final judgment in this lawsuit who worked for more than five hours continuously without an uninterrupted 30-minute lunch break.

18. Plaintiff also brings this action individually and on behalf of all Crew Members who were minors employed by Defendants between five years prior to the commencement of this lawsuit until the date of final judgment in this lawsuit who Defendants suffered or permitted to work past 11 p.m. on days that preceded a regularly scheduled school day.

19. The proposed Class is easily ascertainable. The number and identity of class members may be determined from Defendants' payroll records.

20. The proposed class also meets all the requirements of R. 4:32:
    a. Numerosity: the proposed class is at least a hundred individuals. Therefore, the class size is so numerous that joinder of all class members is impracticable. In addition, the disposition of these individuals' claims as a class will benefit both the parties and the Court.

b. Commonality: Defendants' common policy or plan harmed Plaintiff and all members of the proposed class, including the common policy or plan of failing to compensate minor Crew Members for all hours worked; the common policy or plan of permitting Plaintiff and the Class to work for more than five hours continuously without providing an uninterrupted 30-minute lunch break; and/or the common policy or plan of permitting Plaintiff and the Class to work past 11 p.m. on days that preceded regularly scheduled school days. Therefore, there is a well-defined commonality of interest in the questions of law and fact applicable to Plaintiff and the putative class. Those common questions include, but are not limited to the following:

  i. whether Defendants' common policy or plan violated the New Jersey Wage and Hour Regulations;

  ii. whether Defendants' common policy or plan violated the New Jersey Child Labor Laws;

c. Typicality: Plaintiff and members of the proposed class were subject to the same unlawful policies, practices, and/or procedures and sustained similar losses, injuries, and damages. Plaintiff and the Class were subject to Defendants' same policies and practices, including the common policy or plan by which Defendants

6

      failed to pay for all hours worked; and/or required Plaintiff and the Class to work for more than five hours continuously without an uninterrupted 30-minute lunch break; and/or suffered or permitted Plaintiff and the Class to work past 11 p.m. on days which preceded a regularly scheduled school day. Defendants' policies and practices affected all class members similarly, and Defendants benefited from the same type of wrongful acts against each class member. Plaintiff's claims are therefore typical of the claims that could be brought by any member of the class, and the relief sought is typical of the relief that could be sought by each member of the class in separate actions.

d. Adequacy of Representation: Plaintiff can fairly and adequately protect the interests of all members of the class, as she is challenging the same practices as the class as a whole, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues, which would relate solely to the amount of relief due to

7

each class member. A class action is superior to other means available for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit many similarly situated persons to prosecute their commons claims in a single forum simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individual actions engender. Because of the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

f. On the other hand, addressing the matter as a class action will serve the public interest. The cost to the court system and the public for the individual adjudication of the claims of members of the class would be substantial and significantly less economical than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of

   the class, establishing incompatible standards of conduct for Chipotle and resulting in the impairment of the class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

  g. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

**COUNT I**
**Violation of N.J.A.C 12:56-5.1**
**(New Jersey Wage and Hour Law Violation)**

21. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

22. The New Jersey Wage and Hour Regulations establish rules to effectuate the New Jersey State Wage and Hour Law (the "Act") provide sanctions for noncompliance and are expressly applicable to wages and hours subject to the Act. *See* N.J.A.C. 12:56-1.1.

23. Plaintiff and the Class are "employees" as defined by N.J.A.C. 12:56-2.1.

24. Defendants are "employers" as defined by N.J.A.C. 12:56-2.1.

9

25. The New Jersey Wage and Hour Regulations provides that "Employees entitled to the benefits of the Act shall be paid for all hours worked." *See* N.J.A.C. 12:56-5.1.

26. The New Jersey Wage and Hour Regulations also provides that "All the time the employee is required to be at his or her place of work or on duty shall be counted as hours worked." *See* N.J.A.C. 12:56-5.2.

27. By the foregoing, Defendants violated the New Jersey Wage and Hour Regulations through a common plan and/or policy that caused Plaintiff and the Class to be improperly paid less than their applicable wages for all hours worked.

28. Throughout the relevant period, Defendants have been subject to the New Jersey Wage and Hour Regulations and Plaintiff and the Class have not been exempted from application of these protections.

29. By engaging in the foregoing, Defendants have acted willfully, and/or with reckless disregard for the rights of Plaintiff and the Class under New Jersey law.

30. Plaintiff and the Class have been injured as a direct and proximate result of Defendants' unlawful conduct.

### Count II
### Violation of N.J.S.A. 34:2-21.4
### (New Jersey Child Labor Violation)

31. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

32. N.J.S.A. 34:2-21.4 provides that no minor under eighteen years of age shall be employed or permitted to work for more than five hours continuously without an interval of at least thirty minutes for a lunch period, and no period of less than thirty minutes shall be deemed to interrupt a continuous period of work.

33. By the foregoing, Defendants knowingly permitted Plaintiff and the Class to work for more than five hours continuously without an interval of at least thirty minutes for a lunch break.

34. Throughout the relevant period, Defendants have been subject to the protections of N.J.S.A. 34:2-21.4 and Plaintiff and the Class have not been exempted from application of these protections.

35. By engaging in the foregoing, Defendants have acted willfully, and/or with reckless disregard for the rights of Plaintiff and the Class under New Jersey law.

36. Plaintiff and the Class have been injured as a direct and proximate result of Defendants' unlawful conduct.

### Count III
### Violation of N.J.S.A 34:2-21.3
### (New Jersey Child Labor Violation)

37. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

38. N.J.S.A 34:2-21.3 provides that minors between 16 and 18 years of age may be employed in a restaurant occupation after 11

11

p.m. and following 12:01 a.m. of the next day, if that employment is a continuation of a workday which began before 11 p.m., on workdays which do not begin on a day which precedes a regularly scheduled school day, with a special written permit from their parents or legal guardian stating the hours they are permitted to work.

39. By the foregoing, Defendants knowingly violated N.J.S.A 34:2-21.3 by permitting Plaintiff and the Class to work past 11 p.m. on days which preceded a regularly scheduled school day.

40. Throughout the relevant period, Defendants have been subject to the protections of N.J.S.A. 34:2-21.3 and Plaintiff and the Class have not been exempted from application of these protections.

41. By engaging in the foregoing, Defendants have acted willfully, and/or with reckless disregard for the rights of Plaintiff and the Class under New Jersey law.

42. Plaintiff and the Class have been injured as a direct and proximate result of Defendants' unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

a. issue an Order certifying the foregoing class of minor New Jersey Crew Members pursuant to R 4:32 and designate Plaintiff as a Class representative and Plaintiff's Counsel as Class Counsel;

b. enjoin Defendants from knowingly maintaining a policy and/or plan that violates the foregoing New Jersey Child Labor Laws;

c. award Plaintiff and the Class actual damages, as well as statutory and liquidated damages, because of Defendants' willful failure to pay for all hours worked;

d. award Plaintiff and the Class pre- and post-judgment interest at the statutory rates for Defendants' knowing failure to pay for all hours worked;

e. award Plaintiff's Counsel reasonable attorneys' fees, costs, and disbursements;

f. award Plaintiff and the Class further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:    May 13, 2018

                    Respectfully submitted,

                    **MAYER LAW GROUP LLC**

By: */s/ Carl J. Mayer*
    Carl J. Mayer, Esq.
    (NJ Bar # 015071986)
    147 Nassau Street
    Suite 414
    Princeton, New Jersey
    (609)921-0253
    cyberesquire@aol.com

    *Counsel for Plaintiff and the Putative Class*

14

## CERTIFICATION

The undersigned, of full age, hereby certifies as follows:

The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated;

Further, no other party should be joined in the action pursuant to R. 4:28 or is subject to joinder pursuant to R. 4:29-1(b) at the present time.

I hereby certify that the foregoing statements made by me are true, and I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated:    May 13, 2018

By: */s/Carl J. Mayer*
    Carl J. Mayer, Esq.

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-003555-18**

**Case Caption:** MACLEOD ALYSSA VS CHIPOTLE MEXICAN GRI LL, INC.
**Case Initiation Date:** 05/14/2018
**Attorney Name:** CARL J MAYER
**Firm Name:** MAYER LAW GROUP LLC
**Address:** 174 NASSAU ST STE 414 PRINCETON NJ 08542
**Phone:**
**Name of Party:** PLAINTIFF : MACLEOD, ALYSSA
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/14/2018                                                                 /s/ CARL J MAYER
Dated                                                                              Signed